## WATKINS *v*. CITY OF CINCINNATI.*

(*Circuit Court, S. D. Ohio.* August 10, 1881.)

1. PATENT—VAPOR BURNERS—RE-ISSUED LETTERS PATENT No. 7,706.
   Re-issued letters patent No. 7,706, being a re-issue of patent granted Louis Fischer, March 30, 1869, for improvement in vapor burners, *held, valid, and infringed* by burners known as " Globe burner " and " Champion burner,"

2. SAME.
   The Fischer patent *held* to cover vapor burners having a tube or passage arranged to conduct a portion of the oxygenized vapor from the mixing or gas chamber to a point below where the commixture takes place, in order to heat fluid in the lower part of the chamber.

3. SAME.
   Various prior patents distinguished from the Fischer, and *held* not to embody the invention described and claimed in it.

In Equity. Bill for injunction and account. Final hearing on pleadings and proofs.

The Fischer patent is described in the opinion.

The "Champion burner," used by defendant, had, instead of the external return tube to convey the oxygenized gas back to heat the generating chamber, shown in the Fischer patent, a sleeve surrounding the mixing chamber, into which an opening from the mixing chamber, just below the tip of the burner, allowed a portion of the oxygenized gas to pass, while openings at the bottom of this sleeve, about on a level with the bottom of the mixing chamber, discharged the gas, forming a jet which served to heat and vaporize the oil below.

The "Globe burner" had a similarly-arranged sleeve in the form of a globe, the gas passing into the top of this globe in the same way as in the "Champion," and being discharged through perforations in this globe at a point below where they entered, but slightly above the bottom of the mixing chamber, producing a jet serving to heat the generating chamber beneath.

*Parkinson & Parkinson*, for complainant.

*Paxton & Warrington*, for defendant.

MATTHEWS, Justice. This is a bill in equity, complaining of an infringement of a patent for "improvement in vapor burners," originally granted to Louis Fischer, March 3, 1869, subsequently assigned to complainant, and re-issued to him May 29, 1877, as re-issue No. 7,706. The bill prays for an injunction and account. The design of the patent is:

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

"In a vapor burner, a tube or passage arranged to conduct a portion of the oxygenized vapor from the mixing or gas chamber to a point below its communication with the gas chamber, for heating purposes."

Infringement consists in the use by the defendant of two descriptions of vapor burners in street lamps—one known as the "Globe burner," and the other as the "Champion burner." The fact of the use by the defendant of those burners is admitted, but it is denied that they infringe on the complainant's patent, and it is alleged that if they, or either of them, do, the complainant's patent is void, as being covered by prior patents. I have no difficulty in determining that the burners used by the defendant, described as the Globe and Champion burners, are infringements of the complainant's patent.

The invention in controversy is an improvement in the mechanism by which hydro-carbon oil is continuously converted into an ogygenated illuminated vapor or gas, in its passage from the reservoir to the burner-tip. In the language of the patent, it—

"Consists in the peculiar construction and arrangement of parts for passing a current of gas, after its commixture with air, from the upper part of the burner down towards the generating chamber, for the purpose of heating the said chamber."

The precise improvement covered by the patent is stated in the claim already quoted, and consists in the tube or passage arranged to conduct a portion of the oxygenized vapor from the mixing or gas chamber to a point below where the commixture takes place, in order to heat the fluid in the lower part of the chamber. This arrangement I find distinctly in the two descriptions of burners used by the defendant, the Globe and the Champion.

It is contended, however, by the defendant that the complainant's claim and patent for this improvement is covered and avoided by three prior patents, copies of which are in evidence. They are as follows:

(1) Patent to M. L. Collender, November 20, 1860, for improvement in hydro-carbon burners. (2) Patent to W. H. Smith, re-issued August 17, 1869, for improvement in vapor burners. (3) Patent to T. G. Clayton, May 15, 1860, for improvement in vapor lamps.

In the first two, the Collender and Smith patents, the devices and arrangements of the parts are so unlike those of the complainant, that it is not necessary to set them out for the purpose of exhibiting the difference, and they may be dismissed from the case without comment.

In the Clayton burner the oxygenizing of the vapor does not take place at all in a chamber provided for that purpose, before ignition,

but only as the vapor, rising, mingles with the air at the point of combustion at the tip of the burner. The nature of the invention, as declared in the patent, consists in converting the fluid into vapor or gas below the flame by means of the burner, as described, and the use of one or more jets of the same vapor or gas burnt below the generator and burner, as described; but these jets are not carried down by means of any tube or passage to any point below where they issue, so as to heat the chamber containing the fluid in its lower part, but merely assist the illuminating flame in increasing the heat, conducted to the fluid by the metal of which the burner is made, so as to facilitate the evaporation. The small pipes or tubes described in this patent are for the purpose of conveying the vapor to the place of combustion, and not, as in the complainant's, for conveying the burning jet of gas to a lower part of the chamber containing the fluid for the purpose of heating.

On the whole, I am satisfied that the complainant is entitled to a decree, as prayed for, with the usual reference as to damages.